UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KAREN JONES, )
 )
        Plaintiff, )
 )
v. ) No. 4:19-CV-3058-RLW
 )
ELIZABETH GRACE JOHNSON, et al., )
 )
        Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Karen Jones' motion for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. After reviewing plaintiff's financial information, the Court grants plaintiff leave to proceed without payment of the filing fee. Additionally, the Court has reviewed the complaint and will dismiss it for lack of jurisdiction.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of her Fourth, Fifth, Sixth, and Ninth Amendment rights. Named as defendants are sixteen individuals who work in the Missouri Department of Social Services, St. Louis City Court Juvenile Division, the Foster Care Licensure Department, Epworth Children Family Services, or who were somehow involved in the Missouri state court custody case involving plaintiff's granddaughter CLGJ.

In her statement of claim, plaintiff states in full:

1. My fundamental rights of the U.S. Constitution were violated multiple times since 2017-2019 to present. I have not had a fair chance to be heard regarding a grandbaby illegal adoption. Falsified docs, reports, and files are evidentiary but overlook because a fraud act and conspiracy took place of CLGJ.

2. It happen throughout 2018-2019 continuously but better yet on March 25, 2018 – November 19, 2018 – present.

3. It happened at St. Louis City Juvenile division and Mo. Court of Appeals E.D. respectively.

4. I suffered police brutality, denied rights to my son C.J. only child whom is decease[d], faced negligence, had negligence done. Experienced bribery, conspiracy, CPS corruption, no due process of law, anxiety, pain and suffering, and loss of monies by corrupt attorneys and judicial system.

Through this lawsuit, plaintiff seeks this Court's intervention in a state court child custody matter. Specifically, she seeks to re-open the state court custody matter of her granddaughter CLGJ, and asks that the Missouri Court of Appeals "return CLGJ to juvenile court where she may be placed properly with suitable pre-adoptive parents."

**Discussion**

Plaintiff's complaint is subject to dismissal under the domestic relations exception to federal court jurisdiction. This Court lacks jurisdiction over the subject matter of this case, *i.e.*, orders relating to child custody. *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception . . . divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.").

Generally, federal courts have no jurisdiction over domestic relations matters. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *In re Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the state and not to the laws of the United States."). Rather, state courts have exclusive jurisdiction over these matters. *Ankenbrandt*, 504 U.S. at 703-04; *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981) ("Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in federal court."). Although this domestic relations exception to federal jurisdiction does not apply to a civil

-3-

action that merely has domestic relations overtones, federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues. *See, e.g., Drewes v. Ilnicki*, 863 F.2d 469, 471 (6th Cir. 1988).

Although plaintiff has drafted her claims such that they appear to arise under the United States Constitution, they are either directly related to or so interwoven with state child custody proceedings that subject matter jurisdiction does not lie in this Court. A careful reading of plaintiff's allegations illustrates that her issues with state workers have arisen as a direct result of her granddaughter's child custody case. For example, she argues defendants perpetrated "fraud on the court in which a conspiracy adoption was pre-planned and took place on November 19, 2018 in the St. Louis City Court Juvenile Division." To review plaintiff's claims, this Court would have to inquire deeply into the propriety of the state court processes, or first ascertain whether defendants had a lawful reason to grant custody of CLGJ to her maternal grandmother—a matter which falls squarely within the ambit of state law and any review of which would most likely violate the *Rooker-Feldman* doctrine.

Moreover, plaintiff has given no indication that her claims could not have received a full and fair determination in state court, and it would appear that the state court, where the custody proceedings were held, would be better equipped to handle the issues that have arisen in the course of plaintiff's interactions with defendants. *See Overman v. United States*, 563 F.2d 1287, 1292 (8th Cir. 1977) (There is, and ought to be, a continuing federal policy to avoid handling domestic relations cases in federal court in the absence of important concerns of a constitutional dimension. Such cases touch state law and policy in a deep and sensitive manner, and as a matter of policy and comity, these local problems should be decided in state courts.") (internal citations omitted).

Plaintiff, as the party invoking federal jurisdiction, has the burden of persuading the Court that all of the requirements necessary to establish jurisdiction over this lawsuit have been met. Plaintiff has failed to do so, and therefore her case will be dismissed for lack of jurisdiction under the domestic relations exception.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over this matter.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel and motion to appoint next friend are **DENIED as moot**. [ECF Nos. 3 and 4]

An appropriate Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of February, 2020.

                                              RONNIE L. WHITE
                                              UNITED STATES DISTRICT JUDGE